IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY and ANNA DUNN,

    Plaintiffs,

        v.

JAMES GRAHAM and PITTSTON TOWNSHIP,

    Defendants.

CIVIL ACTION NO. 3:CV-14-1736

(JUDGE CAPUTO)

## **MEMORANDUM**

    Presently before the Court is a Motion to Dismiss Plaintiffs' Complaint (Doc. 1) pursuant to Federal Rule of Civil Procedure 12(b) filed by Defendants Pittston Township ("the township") and Officer James Graham ("Officer Graham"), a police officer employed by the township (Doc. 6).  Plaintiffs Jeffrey and Anna Dunn ("the Dunns") claim violations of Pennsylvania law, the Pennsylvania Constitution, and the United States Constitution arising from an incident in which Mr. Dunn was allegedly injured by Defendant Graham.  Because Plaintiffs' Complaint fails to plausibly state a claim that Defendants violated their rights to procedural and substantive due process of the law as protected by the Fourteenth Amendment, the Motion to Dismiss (Doc. 6) will be *granted* with respect to Count II.  Because a plaintiff may not recover monetary damages for violations of the Pennsylvania Constitution, the Motion to Dismiss will be *granted* with respect to all claims arising under the commonwealth's constitution in Count III.  Because a municipality may not be held liable under a theory of *respondeat superior* for civil rights violations, the motion to dismiss all claims against Pittston Township brought under this theory will be *granted*.  With respect to all other claims, the Motion to Dismiss will be *denied.*

## I. Background

**A. Factual Background**

The facts as stated in the Complaint (Doc. 1) are as follows:

Plaintiffs Jeffrey and Anna Dunn ("the Dunns") are adults who reside in Pittston Township, Pennsylvania, and are husband and wife. (Doc. 1, ¶ 3.) Defendant James Graham was, at all relevant times, employed as a police officer by the township. (*Id.,* ¶ 4.)

The Dunns own real estate in Pittston Township. (*Id.,* ¶ 7.) Plaintiffs assert that this land is located in an I-1 Industrial District as set out by a zoning ordinance of the township. (*Id.*) In March 2009, Plaintiffs were issued a building permit by the township for the construction of a garage, which they then built. (*Id.,* ¶ 8.) In July 2012, the garage burned down as the result of an arson. (*Id.,* ¶ 9.) The Dunns immediately attempted to repair what remained of the building–the foundation and floor were not destroyed–and began to rebuild the garage in the same location and with the same dimensions and materials. (*Id.,* ¶ 10.)

On September 7, 2012, Defendant Graham accompanied the township's Zoning Officer to serve the plaintiffs a "stop work order" that had been issued against them. (*Id.,* ¶ 11.) This order was issued on the grounds that construction to rebuild the garage was in violation of the Pennsylvania Uniform Code, and the previous permit had been issued in error, because the real estate was situated in an R-1 Residential District. The Dunns used the garage for industrial purposes. (*Id.*)

Plaintiffs believed then, and believe now, that this stop work order was erroneously issued. (*Id.,* ¶ 12.) When the order was served, Mr. Dunn took out his cell phone to call the Pennsylvania State Police. (*Id.,* ¶ 13). Plaintiffs allege that "without uttering a single word," Officer Graham "violently" and "with great force" punched and slammed Mr. Dunn's right arm, wrist, and hand, causing Mr. Dunn to sustain severe personal injuries. (*Id.,* ¶ 14.) This caused Mr. Dunn's cell phone to fall to ground with such force that it broke apart. (*Id.*) Plaintiff maintains that throughout this, he was unarmed and made no furtive movements or gestures. (*Id.,* ¶ 15.)

**B. Procedural Background**

Plaintiffs Jeffrey and Anna Dunn filed the Complaint on September 6, 2014 (Doc. 1).

The Complaint contains five (5) counts: Count I alleges assault and battery and the use of excessive force in violation of the Fourth Amendment. (*Id.*, ¶¶ 16-27.) Count II alleges a violation of the right to Procedural and Substantive Due Process of Law, as guaranteed by the Fourth and Fourteenth Amendments, and a claim of malicious prosecution. (*Id.,* ¶¶ 28-37.) Count III alleges a violation of Plaintiffs' rights to the security and privacy of their home, pursuant to the Fourth Amendment and the Pennsylvania Constitution. (*Id.,* ¶¶ 38-45.) Count IV alleges inadequate supervision and training by Pittston Township, in violation of 42 U.S.C. § 1983. (*Id.,* ¶¶ 46-52.) Count V alleges loss of consortium on the part of Anna Dunn. (*Id.,* ¶¶ 53-58.) Plaintiffs request compensatory and punitive damages, and attorneys' fees pursuant to 42 U.S.C. § 1988. (*Id.,* 11.)

On December 19, 2014, Defendants filed this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) (Doc. 6), and a Brief in Support (Doc. 7). On January 2, 2015, Plaintiffs filed a Brief in Opposition (Doc. 8). On January 14, Defendants filed a Reply Brief (Doc. 9). This motion is fully briefed and ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering such a motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of his claims. See *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim

3

is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has

attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

### III. Discussion

In their Motion to Dismiss (Doc. 6), Defendants seek dismissal of all five (5) counts in the Complaint (Doc. 1). Defendants also seek to have stricken the allegations of *respondeat superior* in paragraph 6.

### A. Count I

Count I alleges a state law claim of assault and battery, as well as a federal Constitutional claim under 42 U.S.C. § 1983. Defendants argue that the state law claim of assault and battery should be dismissed because Plaintiffs did not state in the Complaint that they provided notice of their claim within six (6) months, as required by 42 Pa. C.S.A. § 5522. Under this statute, if notice is not provided, an action filed more than six (6) months after the date of injury must be dismissed. 42 Pa. C.S.A. § 5522. However, Plaintiffs did provide such a letter to Defendants by certified mail within the required time period. (Doc. 8, 10.) Thus, this claim will not be dismissed on those grounds.

Defendants argue that the excessive force in violation of the Fourth Amendment claim should be dismissed because Plaintiffs have not alleged that there was an unreasonable seizure, a necessary component. (Doc. 7, 5-6.) The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated. . . ." U.S. Const. amend. IV.

"To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable."

*Curley v. Klem*, 499 F.3d 199, 203 n.4 (3d Cir. 2007) (citing *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999)). "The use of excessive force is itself an unlawful 'seizure' under the Fourth Amendment." *Couden v. Duffy*, 446 F.3d 483, 496 (3d Cir. 2006) (*citing Graham v. Connor*, 490 U.S. 386, 395 (1989); *Carswell v. Borough of Homestead*, 381 F.3d 235, 240 (3d Cir. 2004)). Thus, Plaintiffs have sufficiently alleged that a seizure occurred, which leads to the second point of inquiry: was the use of force reasonable?

"A police officer's 'use of force contravenes the Fourth Amendment if it is excessive under objective standards of reasonableness.'" *Suarez v. City of Bayonne*, 566 F. App'x 181, 186 (3d Cir. 2014) (quoting *Bennett v. Murphy*, 274 F.3d 133, 136 (3d Cir. 2002) (citing *Graham*, 490 U.S. 386)). In determining whether an officer's use of force is reasonable, the Third Circuit Court of Appeals has set out number of factors to examine:

> the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, . . . whether he is actively resisting arrest or attempting to evade arrest by flight[,] . . . the duration of the [officer's] action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time.

*Suarez,* 566 F. App'x 186 (quoting *Couden*, 446 F.3d 496–97 (alterations by and internal quotation marks and citations omitted by the court in *Suarez*)).

Taking as true all facts in the complaint and resolving all inferences in favor of Plaintiffs, Officer Graham's use of force against Mr. Dunn was unreasonable. According to the complaint, Officer Graham "violently" and "with great force" punched and slammed Mr. Dunn's right arm, wrist, and hand, causing Mr. Dunn to sustain severe personal injuries. (Doc. 1, ¶ 14.) This was done with such force that Mr. Dunn's cell phone fell to the ground and broke apart. (*Id.*) Plaintiff's injuries include "injury to muscles, nerves, bones and ligaments . . . some or all of which are or may be permanent in nature." (*Id.,* ¶ 24.) Plaintiff was unarmed and made no furtive movements or gestures.

Examining the factors set out in *Couden* and reiterated by *Suarez,* Defendant Graham's use of force was unreasonable. This did not occur in the context of effecting

arrest, and Mr. Dunn was not charged with a serious or dangerous crime. He did not pose any threat to the safety of officers or others, and was one of two people that Officer Graham was contending with at the time. Mr. Dunn was simply placing a call to the Pennsylvania State Police about Officer Graham. Thus, Plaintiffs have alleged sufficient facts to state a claim of excessive force, and this claim will be permitted to proceed.

**B. Count II**

**1. Excessive Force and Unreasonable Seizure**

Count II alleges that the actions of Defendant Graham violated the Plaintiff's right to procedural and substantive due process of the law. To the extent that this count states a claim of excessive force and unreasonable seizure pursuant to the Fourteenth Amendment, it is more properly asserted as in Count I, as a violation of the Fourth Amendment right to be free from unreasonable search and seizure. The Third Circuit Court of Appeals ("Third Circuit") has determined that "'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)).

Because Plaintiffs' allegations fall within the Fourth Amendment's unreasonable seizure prohibition, the "more-specific-provision rule" forecloses their due process claim. *See, e.g., Lawson v. City of Coatesville*, --- F. Supp. 2d ---, WL 4080708, at *7 (E.D. Pa. Aug. 19, 2014) ("where the Fourth Amendment covers alleged misconduct–such as searches and seizures without probable cause–a plaintiff's claims must be analyzed under the Fourth Amendment, not under the rubric of substantive due process."); *Piazza v. Lakkis*, No. 11-2130, WL 2007112, at *5-6 (M.D. Pa. June 5, 2012) (dismissing a Fourteenth Amendment excessive force claim under the more-specific-provision rule). Therefore, the Fourteenth Amendment claim against Defendants will be dismissed insofar as it addresses excessive force and seizure.

**2. Malicious Prosecution**

Count II also alleges that Defendants' actions created "a type of malicious prosecution, which violated Mr. Dunn's Due Process rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution" and under the Pennsylvania Constitution. (Doc. 1, ¶ 31.) Plaintiff Dunn asserts that he was denied notice of accusation, the right to confront his accusers, and the presumption of innocence. (*Id.,* ¶ 31.)

At a minimum, a plaintiff bringing a malicious prosecution claim must have been prosecuted. The Third Circuit has explicitly stated that "a plaintiff seeking to recover for malicious prosecution pursuant to § 1983 must show that a defendant *initiated criminal proceedings* against him without probable cause." *Pritchett v. Warrender*, 546 F. App'x 66, 67-68 (3d Cir. 2013) (emphasis added). At no point in the Complaint does Plaintiff assert that criminal proceedings were ever instituted against him. Thus, his claims of malicious prosecution will be dismissed.

**3. Stop Work Order**

Additionally, Plaintiffs allege that the defendants' actions–presumably the stop work order–deprived Plaintiffs of liberty and property interests without due process, in violation of the Fourth and Fourteenth Amendments. Plaintiffs appear to assert that the issuance of the stop work order, based upon what the Dunns deemed to be false information, violated their liberty and property interests in that it prevented them from building a garage. Furthermore, they contend that they were deprived of the required due process before this stop work order was issued by the town. Plaintiffs do not allege that they were denied the process typically provided by the state with respect to zoning ordinances.

The Third Circuit Court of Appeals has held:

> To state a claim that a municipal land use decision violates substantive due process pursuant to section 1983, plaintiff must meet two requirements. First, plaintiff must allege that the particular property interest at issue is worthy of substantive due process protection. Second, plaintiff must allege that the government's deprivation of that protected property interest shocks the conscience.

8

*Siegmond v. Fedor*, No. 3:CV-01-2266 WL 1490430, at *4 (M.D. Pa. June 29, 2004) (quoting *Nicolette v. Caruso*, 315 F. Supp. 2d 710, 721 (W.D. Pa. 2003) (internal quotations and further citations omitted)).

Taking all facts in the Complaint as true and resolving all inferences in Plaintiffs' favor, the Dunns have alleged sufficient facts to demonstrate an interest protected by the substantive due process clause. The government's action–the issuance of the stop work order–prevented them from rebuilding a garage that had burned down on their property. "Use and enjoyment of property are indeed interests protected by the substantive component of the Fourteenth Amendment due process clause." *Siegmond* at *4.

However, the Dunns have not alleged that the government's deprivation "shocks the conscience," as required. Plaintiffs "must adduce sufficient evidence to at least infer that the conduct at issue is conscience-shocking." *Id.* at * 5. The Dunns allege that they were denied the permit and issued a stop work order because the town believed that the area was zoned for residential use only, and the prior permit had been issued in error. (Doc. 1, ¶ 11.) The Complaint asserts that this was erroneous, and the area was zoned for industrial use (the Dunns wished to use the garage for industrial purposes). (*Id.*)

The town's actions in issuing a stop work order based upon what the Plaintiffs describe as an "erroneous contention" does not rise to the level of conscience-shocking. Conscience-shocking is a high bar. "[T]he 'shocks the conscience' standard encompasses 'only the most egregious official conduct.'" *Siegmond*, at *5 (citations omitted.) "[A]ctions that suggest 'a bad motive' or are found to be 'senseless and spiteful' are insufficient to shock the conscience*." Id.,* quoting *Levin v. Upper Makefield Twp*., No. 99-CV-5313, WL 21652301, at *9 (E.D. Pa. Feb. 25, 2003) *aff'd sub nom. Levin v. Upper Makefield Twp., Bucks Cnty., Pa.*, 90 F. App'x 653 (3d Cir. 2004). In *Siegmond*, the Third Circuit found that "improper motive" did not rise to the level of conscience-shocking, nor did, at times, "illegal practices by a Township regarding its handling of land-use matters." *Siegmond* at *5. The Plaintiffs do not allege that the decision to issue the order "shocks the conscience."

Even viewing all statements in the Complaint as true and resolving all inferences in

favor of Plaintiffs, they have failed to allege sufficient facts to show that the township's decision was conscience-shocking, and so this claim will be dismissed.

**C. Count III**

**1. Federal Constitution**

Count III alleges a violation of the security and privacy of Plaintiffs' home, as protected by the U.S. Constitution's Fourth Amendment (applied to the states by the Fourteenth Amendment) and the Pennsylvania Constitution.

Plaintiffs assert that the Defendants improperly used police to serve a stop work order to the plaintiffs on their property, which violated the plaintiffs' reasonable expectation of privacy. (Doc. 1, ¶ 39.) Plaintiffs assert that Officer Graham did not have the right to intrude upon their land to carry out a civil administrative action.

In their Motion to Dismiss and accompanying brief, Defendants do not address Count III independently from their argument for dismissing Count II. (Doc. 6, 3; Doc. 7, 6-9.) Defendants focus on Count II, and argue that this claim should be dismissed because it does not state sufficient facts to establish a due process claim as guaranteed by the Fourteenth Amendment. (Doc. 7, 6-9.) However, in their complaint, Plaintiffs argue that their right to privacy as guaranteed by the Fourth Amendment was violated. (Doc. 1, ¶ 39.) Thus, Defendants' motion to dismiss this claim will not be granted, as they have failed to meet their burden of establishing that Plaintiffs fail to state a claim.

**2. Pennsylvania Constitution**

With respect to their claim under the Pennsylvania Constitution, Plaintiffs do not specify under which section of the Pennsylvania Constitution they bring this claim. However, Plaintiffs seek only monetary damages, which are not available for violations of the Pennsylvania Constitution. *Huberty v. U.S. Ambassador to Costa Rica*, No. 3:07-CV-1420, WL 3119284, at *5 (M.D. Pa. Oct. 22, 2007) *aff'd*, 316 F. App'x 120 (3d Cir. 2008) (citing *Jones v. City of Phila.*, 890 A.2d 1188, 1215-16 (Pa. Commw. Ct. 2006)). According, Plaintiffs' claim under the Pennsylvania Constitution will be dismissed.

**C. Count IV**

Count IV asserts a claim of municipal liability against Defendant Pittston Township for the constitutional violations alleged pursuant to § 1983 in the above counts. Specifically, the Dunns argue that the use of police to accompany the zoning officer while serving a civil administrative order was the result of the policy, practice and custom of Pittston Township, and that Defendant Graham and the zoning officer who served the stop work order were not adequately supervised. (Doc. 1, ¶¶ 47-48.) They assert that the use of force against Mr. Dunn was the result of inadequate supervision and training of Defendant Dunn and the zoning officer. (*Id.*, ¶ 49.) Defendants argue that Plaintiffs did not establish that the municipality failed to train officers or acted with deliberate indifference. (Doc. 7, 9.)

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Pursuant to *Monell*, a failure to train employees can cause a municipality to be liable under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "[W]hile claims . . . alleging that the city's failure to provide training to municipal employees resulted in the constitutional deprivation [a plaintiff] suffered are cognizable under § 1983, they can only yield liability against a municipality where that city's failure to train reflects deliberate indifference to the constitutional rights of its inhabitants." *Id.* at 392.

While Plaintiffs do not maintain that the use of excessive force was a formal policy of the department, "an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).

Resolving all inferences in their favor, Plaintiffs have alleged sufficient facts to show that Officer Graham used excessive force on Plaintiff Dunn because it was the policy or practice of Pittston Township not to discipline officers who use excessive force–thus, in

effect, sanctioning the use of excessive force and establishing the use of such force as a custom of the Town's police department.  This excessive force caused Plaintiff Dunn's injuries.  Accordingly, Plaintiffs' claim in Count IV will be permitted to proceed.

### D. Count V

Count V asserts a claim for loss of consortium on the part of Plaintiff Anna Dunn, the wife of Jeffrey Dunn.  Plaintiffs allege that Ms. Dunn loss the consortium of her husband as a result of the incident giving rise to the action.  In their brief in favor of dismissal, Defendants argue that this claim must be dismissed "inasmuch" as Mr. Dunn has failed to state a claim in counts I-IV, because a spouse's loss of consortium claim is dependant on the underlying claim.  (Doc. 7, 8.)  However, because Plaintiffs have stated a claim upon which relief can be granted in Counts I, III, and IV, Count V of the Complaint will be permitted to proceed to the extent it is connected with those claims.

### E. *Respondeat Superior*

Plaintiffs assert that Defendant Pittston Township is liable for their injuries under a theory of *respondeat superior.*  (Doc. 1, ¶ 6.)  In their motion to dismiss, Defendants argue that relief cannot be granted against a Defendant in a civil rights action on a theory of *respondeat superior*.  (Doc. 6, ¶ 2.)

Municipalities and their employees cannot be held liable under § 1983 pursuant to a theory of *respondeat superior.  Monell*, 436 U.S. 658; *see also Bd. of Cnty. Comm'rs of Bryan Cnty., Okl.,* 520 U.S. at 403.  "It is well-recognized that '[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*'" *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (quoting *Bistrian v. Levi*, 696 F.3d 352, 366 n.5 (3d Cir. 2012)). Thus, Defendants' motion to dismiss claims brought pursuant to *respondeat superior* will be granted.

**F. Leave to Amend**

Defendants request that Plaintiffs not be granted leave to amend, as amendment would be futile. (Doc. 7, 10.) In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff should be granted leave to amend unless such an amendment would be inequitable or futile. Defendants make no argument and provide no support as to why amendment would be futile in this action. Based on the pleadings and facts, there is no indication that amendment would be futile or inequitable, and so I will grant Plaintiffs leave to cure the defects identified in this order.

## IV. Conclusion

For the above reasons, Defendants' Motion to Dismiss (Doc. 6) will be granted with respect to Count II, claims brought under the Pennsylvania Constitution in Count III, and claims against Pittston Township under a theory of *respondeat superior.* It will be denied with respect to Counts I, V, and IV, and claims brought under the United States Constitution in Count III. An appropriate order follows.


February 17, 2015                                         /s/ A. Richard Caputo
Date                                                              A. Richard Caputo
                                                                      United States District Judge