**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY and ANNA DUNN,  Plaintiffs,  v.  JAMES GRAHAM and PITTSTON TOWNSHIP,  Defendants. | CIVIL ACTION NO. 3:CV-14-1736  (JUDGE CAPUTO) |

## MEMORANDUM

Presently before me is Defendants' Motion to Dismiss Count II of Plaintiffs' Amended Complaint (Doc. 15) pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 16). In Count II, Plaintiffs Jeffrey and Anna Dunn ("the Dunns") claim that Defendants Pittston Township ("the township," "Pittston") and Officer James Graham, a township police officer, violated Mr. Dunn's rights to procedural and substantive due process as protected by the United States Constitution's Fourth, Fifth, and Fourteenth amendments. Because the Amended Complaint fails to plausibly state a claim that Defendants violated the right to procedural and substantive due process, the Motion to Dismiss (Doc. 16) will be *granted* and Count II will be *dismissed.*

## I. Background

### A. Factual Background

The relevant facts as stated in the Amended Complaint (Doc. 15) are as follows:

Plaintiffs Jeffrey and Anna Dunn are married and reside in Pittston Township, Pennsylvania. (Doc. 15, ¶ 3.) Defendant James Graham was at all relevant times employed as a police officer by Defendant Pittston Township. (*Id.,* ¶ 4.) Plaintiffs assert that Defendant Graham was acting within the scope of his employment at all relevant times. (*Id.*)

The Dunns are owners in fee of real estate in Pittston Township. (*Id.,* ¶ 6.) Plaintiffs assert that this land is located in an Industrial District as set out by a township zoning ordinance. (*Id.*) In March 2009, the township issued Plaintiffs a building permit for the construction of a garage on their property. (*Id.,* ¶ 7.) They built the garage and used it for

industrial purposes.  In July 2012, the garage burned down as the result of arson.  (*Id.,* ¶ 8.)  The Dunns immediately attempted to repair what remained of the building, the foundation and floor.  (*Id.,* ¶ 9.)  They began to rebuild the garage in the same location and with the same dimensions and materials.  (*Id.*)

On September 7, 2012, Defendant Graham accompanied Pittston's Zoning Officer to serve the Dunns a "stop work order" issued against them.  (*Id.,* ¶ 10.)  This order was issued on the grounds that construction to rebuild the garage violated the Pennsylvania Uniform Code, and the original permit had been issued in error, as the land was in a Residential District. (*Id.*) Plaintiffs assert that the order was erroneously issued, since it was based on the incorrect claim that the property is zoned for residential use, when in fact, they maintain it is zoned for industrial use.  (*Id.,* ¶ 11.)

When the order was served, Mr. Dunn took out his cell phone to call the Pennsylvania State Police.  (*Id.,* ¶ 12.)  Plaintiffs allege that "without uttering a single word and without any provocation or cause," Officer Graham "deliberately and in reckless disregard of Plaintiff Jeffrey Dunn's physical safety and rights, violently and brutally" and "with great force" punched and slammed Mr. Dunn's right arm, wrist, and hand, causing severe injuries.  (*Id.,* ¶ 13.)  This caused Mr. Dunn's phone to fall to ground with such force that it broke apart.  (*Id.*)  Plaintiff was unarmed and made no furtive movements or gestures.  (*Id.,* ¶ 14.)

**B. Procedural Background**

Based on the foregoing, Plaintiffs filed a Complaint on September 6, 2014 (Doc. 1).  On December 19, 2014, Defendants filed a Motion to Dismiss (Doc. 6), which I granted in part and denied in part on February 18, 2015 (Doc. 14).  I granted Plaintiffs leave to amend their complaint.  (*Id.*)  On March 10, 2015, Plaintiffs filed an Amended Complaint (Doc. 15), which contains five (5) counts: Count I alleges assault and battery and the use of excessive force in violation of Mr. Dunn's "federally protected rights."  (*Id.*, ¶¶ 15-26.)  Count II alleges a violation of Mr. Dunn's right to Procedural and Substantive Due Process of Law under the Fourth, Fifth, and Fourteenth Amendments.  (*Id.,* ¶¶ 27-37.)  Count III alleges a violation of

Plaintiffs' rights to the security and privacy of their home, pursuant to the Fourth Amendment. (*Id.,* ¶¶ 38-45.)  Count IV alleges inadequate supervision and training by Pittston Township, in violation of 42 U.S.C. § 1983.  (*Id.,* ¶¶ 46-52.)  Count V alleges loss of consortium on the part of Anna Dunn.  (*Id.,* ¶¶ 53-58.)  Plaintiffs request compensatory and punitive damages, and attorneys' fees pursuant to 42 U.S.C. § 1988.  (*Id.,* 11-12.)

On March 23, 2015 Defendants filed a Motion to Dismiss (Doc. 16), and a Brief in Support (Doc. 17).  Defendants seek to dismiss Count II of the Complaint, which alleges a violation of Plaintiff Dunn's procedural and due process rights as protected by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  On April 6, Plaintiffs filed a Brief in Opposition (Doc. 18).  Thus, this motion is fully briefed and ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  When considering such a motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of his claims.  *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000).  The Court does not consider whether a plaintiff will ultimately prevail. *See id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Detailed factual allegations are not required.  *Twombly*, 550 U.S. at 555.  However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Instead, a complaint must "show" this entitlement by alleging sufficient facts.  *Id.*  "While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar. Corp*, 998 F.2d at 1196. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

### III. Discussion

Defendants seek to dismiss Count II, which alleges the violation of Plaintiff Jeffrey Dunn's procedural and substantive due process rights. (Doc. 15, 6.) Specifically, the Amended Complaint alleges that the defendants' actions deprived Mr. Dunn of his liberty without due process of the law, and that he was deprived of significant liberty and property interests guaranteed by the Fourth and Fourteenth Amendments.

Defendants argue that Plaintiffs fails to state a claim upon which relief can be granted, as the Complaint's statements are vague and conclusory. Furthermore, to the extent that it does explain the events that occurred, it does not demonstrate that Mr. Dunn's constitutional rights were violated.

Taking all facts in the Amended Complaint as true and resolving all inferences in Plaintiffs' favor, the complaint fails to state a claim of a substantive and procedural due process violation. While Plaintiffs amended their complaint, they still have not plead sufficient facts to plausibly state that Mr. Dunn's due process rights were violated as claimed in Count II, and my reasons for dismissing their prior iteration of Count II remain true.

In my February 2015 memorandum and order (Docs. 13, 14), I dismissed Count II as it appeared in the initial complaint. In making that determination, I relied on the following holding by the Third Circuit Court of Appeals, which applies in this instance as well:

> To state a claim that a municipal land use decision violates substantive due process pursuant to section 1983, plaintiff must meet two requirements. First, plaintiff must allege that the particular property interest at issue is worthy of substantive due process protection. Second, plaintiff must allege that the government's deprivation of that protected property interest shocks the conscience.

*Siegmond v. Fedor*, No. 3:CV-01-2266 WL 1490430, at *4 (M.D. Pa. June 29, 2004) (internal quotation marks and further citations omitted)).

In my prior memorandum and order, I found that the Dunns had not alleged that the government's action in issuing the stop work order "shocks the conscience," as required. Upon review of the Amended Complaint, this remains true.

While the Amended Complaint uses the language that the government's actions were

5

"conscience shocking," even taking all facts as true and resolving all inferences in Plaintiffs' favor, the conduct does not appear to be plausibly conscience shocking. I need not accept bald assertions and conclusions. The Amended Complaint is largely vague in its descriptions of Defendants' "conscience-shocking" actions, but where the Amended Complaint is more specific, the conduct describe does not rise to the level of conscience-shocking: "the township officials gave contradictory indications about what kind of submission would be approved, have attempted to persuade Plaintiffs to withdraw the submissons through unlawful means, and caused Plaintiffs to incur great expense in revising the plans." (Doc. 15, ¶ 36.) Plaintiffs allege that they were denied the permit and issued a stop work order because the township erroneously contended that the area was zoned for residential use only, and the prior permit had been issued in error. (Doc. 1, ¶ 11.)

As I stated in my February 2015 memorandum, the town's actions in issuing a stop work order based upon what the Plaintiffs describe as an "erroneous contention" does not rise to the level of conscience-shocking. As I stated in that memorandum (Doc. 14):

> Conscience-shocking is a high bar. "[T]he 'shocks the conscience' standard encompasses 'only the most egregious official conduct.'" *Siegmond*, at *5 (citations omitted.) "[A]ctions that suggest 'a bad motive' or are found to be 'senseless and spiteful' are insufficient to shock the conscience*." Id.,* quoting *Levin v. Upper Makefield Twp*., No. 99-CV-5313, WL 21652301, at *9 (E.D. Pa. Feb. 25, 2003) *aff'd sub nom. Levin v. Upper Makefield Twp., Bucks Cnty., Pa.*, 90 F. App'x 653 (3d Cir. 2004). In *Siegmond*, the Third Circuit found that "improper motive" did not rise to the level of conscience-shocking, nor did, at times, "illegal practices by a Township regarding its handling of land-use matters." *Siegmond* at *5.

Even accepting all facts in the Amended Complaint as true and resolving all inferences in favor of Plaintiffs, they have failed to allege sufficient facts to show that the township's decision was conscience-shocking and violated Mr. Dunn's due process rights, and so this claim will be dismissed.

Furthermore, viewing the Amended Complaint, it appears that Count II is based on the Pittston Township officials' erroneous zoning decision and issuance of the stop work order, which prevented Plaintiffs from rebuilding their garage. The Amended Complaint

6

describes the allegedly unconstitutional conduct in vague terms as "conduct designed to restrict the Plaintiffs from developing their property." (*Id*., ¶ 35.)

However, Plaintiffs contend in their brief in opposition to the motion to dismiss (Doc. 18) that they do not seek to assert "any other claim other than the injury to Jeffery Dunn on September 7, 2012." (*Id.,* 3.) If this is the case, then Plaintiffs have failed to state a claim for violation of procedural or substantive due process. Plaintiffs state in their brief in opposition to the motion to dismiss that

> [t]he complained upon language in the Amended Complaint is merely 'notice pleading' that the Plaintiffs intend to present evidence that the Township acted wrongfully in their prior zoning matters' and explains the bad motives of the Defendants. . . The Plaintiffs' Amended complaint is not attempting to litigate the Township zoning decisions or actions.

(*Id.,* 3-4.) If Plaintiffs merely include information about the zoning decision and stop work order to put Defendants on notice that they plan to assert that Defendants acted wrongfully in prior zoning matters, and to explain Defendants' motives, then this information is not properly included in a separate count of the complaint, alleging a separate offense. If Plaintiffs only seek relief for "the injury to Jeffrey Dunn," as they state in their pleadings, Count II fails to state a claim for violation of substantive and procedural due process rights.

## IV. Conclusion

For the above reasons, Defendants' Motion to Dismiss (Doc. 16) will be *granted*, and Count II of Plaintiffs' Amended Complaint (Doc. 15) will be *dismissed.* Because amendment would be inequitable and futile, leave to amend will not be granted.

An appropriate order follows.

June 18, 2015                                                                    /s/ A. Richard Caputo
Date                                                                                  A. Richard Caputo
                                                                                         United States District Judge