**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY DUNN and ANNA DUNN, his wife,  Plaintiffs,  v.  JAMES GRAHAM, individually and in his official capacity as a police officer of Pittston Township, Pennsylvania and PITTSTON TOWNSHIP, LUZERNE COUNTY, PENNSYLVANIA,  Defendants. | CIVIL ACTION NO. 3:14-CV-01736  (JUDGE CAPUTO) |

## MEMORANDUM

Presently before me is Defendants' Motion for Sanctions and to Compel Plaintiff Jeffrey Dunn's Attendance at an Independent Medical Examination ("IME"). (Doc. 33.) Defendants request sanctions in the form of an Order directing that (1) Plaintiff Jeffrey Dunn ("Mr. Dunn") pay $2,600.00 to Western World Insurance Company ("Western World") to reimburse it for costs incurred in connection with two (2) previously-scheduled IMEs that Mr. Dunn failed to attend; (2) Plaintiffs pay reasonable attorneys' fees to Western World incurred in connection with the scheduling of the IMEs and with the preparation of the instant Motion for Sanctions; and (3) Plaintiff Jeffrey Dunn appear for an IME with Dr. Lawrence Weiss, at a date and time to be determined by Defendants and VSAS Medical Legal Evaluations, LLC, and in the event that Mr. Dunn fails to appear for the examination, this Court enter an Order dismissing this action with prejudice. For the reasons that follow, Defendants' motion to compel will be granted and Plaintiff will be ordered to appear for an IME with Dr. Weiss at a date and time agreed upon by the parties. However, Defendants' motion for sanctions will be denied in all other respects.

### I. Background

On January 14, 2016, Defendants' counsel notified Plaintiffs' counsel that they had scheduled an IME to be taken of Mr. Dunn with Dr. Lawrence Weiss of VSAS

Medical Legal Evaluations, LLC ("VSAS").  The IME was scheduled to take place at 4:30 PM on February 4, 2016, in Allentown, Pennsylvania.  Defendants' insurance carrier, Western World, paid $1,300.00 to schedule this IME.  (Doc. 33-1, Def. Ex. A.)

However, Mr. Dunn failed to attend the exam.  At approximately 1:30 PM on the date of the exam, Mr. Dunn's vehicle unexpectedly broke down while he was traveling on the Northeast Extension of the Pennsylvania Turnpike, and just beginning to travel to Allentown for the IME later that day.  Mr. Dunn immediately attempted to reach his counsel, Attorney Andrew Katsock, by telephone to inform him that his truck had broken down, reaching him at approximately 2:00 PM.[1]  Attorney Katsock immediately telephoned Defendants' counsel to inform them that Mr. Dunn's truck had broken down and had to be towed, and therefore Mr. Dunn would be unable to attend the IME later that day.  In connection with Plaintiffs' opposition to the instant motion for sanctions, Plaintiffs have submitted Mr. Dunn's towing and repair invoices from City Line Truck & Trailer Repair of Pittston, Pennsylvania, which are dated February 4, 2016, showing that Mr. Dunn's vehicle had to be towed from the Pennsylvania Turnpike to City Line's repair shop in Pittston and had to be serviced.  (Doc. 36, Exs. A & B.)

On February 15, 2016, Defendants' counsel notified Plaintiffs' counsel by e-mail that they had rescheduled Mr. Dunn's IME with Dr. Weiss to take place on March 14, 2016, at 4:30 PM, again in Allentown, Pennsylvania.  (Doc. 33-3, Def. Ex. C.)  Western World again paid $1,300.00 to schedule this IME.

On Saturday, March 12, 2016, Plaintiffs' counsel advised Defendants' counsel by telefax and first-class mail that Mr. Dunn had called him the night before to inform him that he would be unable to attend the IME on March 14, 2016, due to the fact that he

---

[1] On April 17, 2016, Attorney Katsock filed a motion to withdraw as Plaintiffs' counsel in this matter. (Doc. 38.)  On April 19, 2016, I entered an Order granting Attorney Katsock's motion to withdraw as counsel.  Plaintiffs have since obtained new counsel to represent them in this matter.  (Doc. 45, Notice of Appearance by Bruce J. Phillips on behalf of Plaintiffs (Jun. 10, 2016).)

was unable to drive as a result of a recent surgery performed on his wrist. (Doc. 33-4, Def. Ex. D.) Plaintiffs' counsel indicated that it would be necessary to reschedule Mr. Dunn's IME with Dr. Weiss. (*Id.*) Plaintiffs also note in their opposition brief that due to personal, unrelated tragedies in Mr. Dunn's life, he did not have anyone available to drive him back and forth to Allentown on March 14, 2016.

Upon receiving this telefax, Defendants' counsel followed up with Plaintiffs' counsel by e-mail, noting that counsel would do whatever was necessary to compel Mr. Dunn's attendance at an IME along with recouping any penalty fees due to the two (2) cancellations. (Doc. 33-5, Def. Ex. E.) As a result of the two (2) cancelled IMEs, Western World has incurred a total of $2,600.00 in costs.

On March 29, 2016, Defendants filed the instant Motion for Sanctions and to Compel Plaintiff Jeffrey Dunn's Attendance at an IME. (Doc. 33.) On April 12, 2016, Plaintiffs filed their brief in opposition (Doc. 36) and on April 13, 2016, Defendants filed their reply (Doc. 37). Defendants' motion is now fully briefed and ripe for disposition.

## II. Discussion

### A.   Motion to Compel Attendance at a Future IME

Plaintiffs do not oppose Defendants' motion to compel attendance at a future IME. (Doc. 36, at 1; *see also id.* at 4 ("[I]t was not necessary for the Defendants to seek to compel his appearance at an IME, as he fully agrees to do so. The Plaintiff, Jeffrey Dunn, will appear at the next scheduled IME, and he consents to an entry of an order by this Honorable Court directing his appearance, if it decides to enter such an order.").) Accordingly, Defendants' motion to compel Plaintiff Jeffrey Dunn's attendance at a future IME will be granted. Plaintiff Jeffrey Dunn is ordered to appear for an IME with Dr. Lawrence Weiss, at a date and time to be agreed upon by the parties and VSAS Medical Legal Evaluations, LLC.

However, I will not grant Defendants' request for an Order directing that Plaintiffs'

3

case be dismissed with prejudice should he fail to appear for the next IME. Pursuant to Rule 37(b)(2)(A), if a party fails to obey a discovery order, a court may impose sanctions, including the dismissal of actions or parts thereof. The choice of an appropriate sanction in the context of discovery is committed to the sound discretion of the district court. *McMullen v. Bay Ship Mgmt.*, 335 F.3d 215, 217 (3d Cir. 2003) ("This Court has emphasized that control of discovery is committed to the discretion of the trial court."). Additionally, "[d]ismissal must be a sanction of last, not first, resort." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 869 (3d Cir. 1984). Accordingly, Defendants' request will be denied. Plaintiffs have stated that they do not oppose Defendants' request to schedule another IME. Should Mr. Dunn for some reason again fail to attend the next IME, this issue may be re-visited at that time. However, until then, Defendants' request for an Order that this Court dismiss Plaintiff's Complaint should Mr. Dunn fail to attend the next scheduled IME will be denied. Additionally, because Plaintiffs did not oppose producing Mr. Dunn for a future IME, it was unnecessary for Defendants to file the instant motion to compel. Accordingly, I will deny Defendants' request for attorneys' fees incurred in connection with the motion to compel.

**B.    Motion for Sanctions**

Defendants also seek sanctions against Plaintiffs, requesting (1) $2,600.00 in costs incurred by Western World in connection with the cancelled IMEs and (2) reasonable attorneys' fees incurred by Western World in connection with the scheduling and cancelling of the IMEs. Defendants' request will be denied. As noted earlier, the choice of awarding sanctions in the context of discovery is committed to the sound discretion of the district court, and because I do not find that the circumstances presented here warrant an award of sanctions, Defendants' motion will be denied. I do not find that Plaintiffs willfully failed to produce Mr. Dunn for the scheduled IMEs or acted in bad faith. Rather, Plaintiffs showed

4

that Mr. Dunn was unable to attend the IMEs due to circumstances beyond his control and reasonably attempted to notify Defendants of these circumstances when possible. Additionally, Plaintiffs have agreed to cooperate with Defendants in rescheduling Mr. Dunn's IME with Dr. Weiss at a future date. Accordingly, I do not find that sanctions here are warranted and Defendants' motion will be denied.

### III. Conclusion

For the above stated reasons, Defendants' motion to compel Plaintiff Jeffrey Dunn's attendance at an IME will be granted and Defendants' motion for sanctions will be denied.

An appropriate order follows.


June 23, 2016                              /s/ A. Richard Caputo
Date                                       A. Richard Caputo
                                           United States District Judge